IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIQUE DAJON JONES | ) |
| | ) |
| Plaintiff | ) Case No. 1:21-cv-00148 (Erie) |
| | ) |
| vs. | ) |
| | ) HON. RICHARD A. LANZILLO |
| NICHOLAS STRAUCH, et al., | ) UNITED STATES MAGISTRATE JUDGE |
| | ) |
| Defendants | ) MEMORANDUM OPINION |
| | ) |

Presently before the Court is Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted. ECF No. 20. As more fully set forth herein, because Plaintiff has neither responded to the Motion to Dismiss as ordered by the Court nor otherwise indicated his intention to proceed with this litigation, Plaintiff's Complaint will be dismissed for failure to prosecute and the Motion to Dismiss will be denied as moot.

1.   Background

Plaintiff Alique Dajon Jones ("Plaintiff") filed his Complaint in this action on June 22, 2021. ECF No. 8. Thereafter, the parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings. *See* 28 U.S.C. § 636 et seq. ECF Nos. 3 and 17. Presently pending before the Court is a Motion to Dismiss the Complaint filed by the Defendants on September 29, 2021. *See* ECF No. 20. The Court ordered the Plaintiff to Respond to the Motion to Dismiss by November 1, 2021. *See* ECF No. 22. No response had been received from the Plaintiff by that date and nothing on the docket indicated that the Court's order was returned as undeliverable. Thus, on November 10, 2021, the Court ordered the Plaintiff to Show Cause for his failure to respond—or to file a Response to the Defendants' motion—by November 24, 2021. *See* ECF No. 24. As of todays' date, there has been no indication that the Court's order

was not delivered to Plaintiff and Plaintiff has not filed a response to the Court's show cause order.

2.  Standards of Decision

Federal Rule of Civil Procedure 41(b) states, in relevant part, that "if the plaintiff fails to prosecute ... a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). A district court may also dismiss a case pursuant that Rule for a plaintiff's failure to comply with an order of court. *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). There is no "magic formula" for balancing the *Poulis* factors and not all of the six factors need to be satisfied in order to warrant dismissal. *See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P.*,

405 Fed. Appx. 592, 595 (3d Cir. 2010) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) and *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003)).

3. Discussion

Because five of the six *Poulis* factors weigh heavily in favor of dismissal, this case will be dismissed, *albeit* without prejudice. Consideration of the factors listed above is as follows.

(1)   The extent of the party's personal responsibility

The Plaintiff is representing himself in this matter. Therefore, he is the party responsible for failing to respond to the Defendants' motion to dismiss, despite being twice directed to do so. *See, e.g., Williams-Bearden v. Clouser*, 2021 WL 4743705, *2 (M.D. Pa. Oct. 12, 2021). There is no indication that he failed to receive the Defendants' motion, the Court's Response Order, or any of the Court's other orders, including the show cause order. If Plaintiff's mailing address has changed, he has not filed any notice of the change, as required by the Court's Standing Practice Order for Pro Se Civil Rights Cases. ECF No. 4. Thus, Plaintiff alone bears full responsibility for any failure in the prosecution of his claims. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (a pro se plaintiff is personally responsible for the progress of his case and compliance with a court's orders); *Ferguson v. Klock*, 2021 WL 1293431, at *2 (E.D. Pa. Apr. 7, 2021).

(2)   Prejudice to the adversary

The second *Poulis* factor, the prejudice to Defendants caused by Plaintiff's failure to respond to Defendants' motion to dismiss, also weighs in favor of dismissal. A finding of prejudice does not require "irremediable harm." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Instead, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently

3

prejudicial." *Ware*, 322 F.3d at 222. Plaintiff's failure to prosecute this case by responding to Defendants' motion to dismiss, together with his failure to comply with this Court's order requiring him to do so, frustrates and delays the resolution of this matter. This failure prejudices the Defendants, who seek a timely resolution of this case. *See e.g., Parks v. Argueta*, 2016 WL 7856413 at *4 (M.D. Pa. Dec. 5, 2016) (dismissing case where a pro se litigant failed to respond to a pending motion for summary judgment).

(3) A history of dilatoriness

The level of inattention Plaintiff has displayed toward this litigation is sufficient evidence, in the Court's view, to indicate that he does not intend to proceed with this case in a timely fashion. He has missed several court-mandated deadlines, possibly failed to update his address and contact information with the Court, and violated multiple Court Orders. This weighs in favor of dismissal.

(4) Whether the party's conduct was willful or in bad faith

There is no indication on this record that Plaintiff's failures were the result of any "excusable neglect," *Poulis, supra*, and it appears that his failure is willful. Thus, it appears that his actions evidence an intentional disregard of his own case and our Orders. This factor also weighs in favor of dismissal.

(5) Alternative sanctions.

Imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction since he is representing himself and thus has no attorney upon whom the Court could impose sanctions or expenses for failing to comply with the Court's prior orders. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Dismissal is the only effective sanction under the particular facts and circumstances of this case.

  (6)  Meritoriousness of Smith's case.

This factor is of neutral application, as it is impossible to determine whether Plaintiff's claims against the Defendants have potential merit, although Defendants' motion to dismiss raises serious questions regarding the merits of Plaintiff's claims.

4. Conclusion

Accordingly, the Complaint filed in this action will be dismissed, without prejudice because of Plaintiff's failure to prosecute the action. Defendants' motion to dismiss, ECF No. 20, will be denied as moot. An appropriate Order follows.

Submitted this 20th day of December, 2021.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE